```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION


JOHN LAIRD                                              APPELLANT

VS.                       CIVIL ACTION NO. 5:16-cv-56(DCB)(MTP)

VALERIE DENISE NICKELSON                                 APPELLEE
_____

IN RE: VALERIE DENISE NICKELSON,        CASE NO. 15-01271-NPO
DEBTOR                                             CHAPTER 13

VALERIE DENISE NICKELSON                                PLAINTIFF

VS.                             ADV. PROC. NO. 15-00046-NPO

FRANKLIN CHECK SERVICE, LLC,
and JOHN LAIRD                                         DEFENDANTS
```

ORDER

This bankruptcy appeal is before the Court on Appellee Valerie Denise Nickelson's Motion to Dismiss Appeal **(docket entry 5)**, and on Appellant John Laird's Motions for Extension of Time to File Brief **(docket entries 7 and 8)**.

Appellant filed his Notice of Appeal on June 21, 2016.  The Bankruptcy Clerk for the United States Bankruptcy Court for the Southern District of Mississippi transmitted the Record to the Clerk of the United States District Court on August 2, 2016.  Rule 8018(a)(1) of the Federal Rules of Bankruptcy Procedure requires the appellant to serve and file a brief within thirty (30) days after the docketing of notice that the Record has been transmitted or is available electronically.  Appellee moves for dismissal of

the appeal pursuant to Rule 8018(a)(4) of the Federal Rules of Bankruptcy Procedure on grounds that the Appellant failed to file a timely brief.

Appellant advises the Court that he is proceeding pro se, and claims that he was advised by the Clerk's office and Magistrate Judge's office "that no further action was required until further notice by the court." Appellant's Opposition to Motion to Dismiss, ¶ III.  He admits that he has not timely filed a brief, and attributes this in part to his self-representation.  Id., ¶ IV.

A pro se litigant is required to familiarize himself with the rules of court, including the Federal Rules of Bankruptcy Procedure, and to comply with the rules as must every litigant. Nevertheless, the Fifth Circuit Court of Appeals has held that "only the failure to file a notice of appeal, which deprives the reviewing court of jurisdiction, mandates dismissal.  In contrast, the district court does not invariably dismiss for breaches of other procedural rules ...."  In re CPDC Inc., 221 F.3d 693, 698-99 (5th Cir. 2000)(citing In re Tampa Chain Co., Inc., 835 F.2d 54, 55 (2nd Cir. 1987)).

In this case, Appellee has not shown prejudice from the delay, and the Court finds no obstinately dilatory conduct on the part of Appellant.  In his motions for extension of time, Appellant requests only ten (10) days to file his brief.

The Court finds that the delay was not intentional and was not

for purposes of delay.  The Court further finds that Appellee's motion to dismiss appeal should be denied, and Appellant's motions for extension of time should be granted.

Accordingly,

IT IS HEREBY ORDERED that Appellee Valerie Denise Nickelson's Motion to Dismiss Appeal **(docket entry 5)** is DENIED;

FURTHER ORDERED that Appellant John Laird's Motions for Extension of Time to File Brief **(docket entries 7 and 8)** are GRANTED, and Appellant shall file his brief within ten (10) days from the date of entry of this Order.

SO ORDERED, this the 26th day of September, 2016.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE